IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVORY LEE ROBINSON,

    Petitioner,

v.                                                                                                                     CASE NO. 1:11-cv-78-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2241. Petitioner seeks habeas corpus relief in connection with his 2002 Alachua County convictions for attempted second degree murder and possession of a firearm by a convicted felon, for which he received a mandatory minimum sentence of 25 years imprisonment.

Twice before Petitioner has sought habeas corpus relief from the same convictions pursuant to 28 U.S.C. § 2254. The Court denied Petitioner's first petition on the merits and denied Petitioner's request for a certificate of appealability. *Robinson v. McDonough*, case no. 1:06-cv-0061-MP-AK, Docs. 23, 29 (N.D. Fla. June 16, 2008). The Eleventh Circuit denied Petitioner's request for a certificate of appealability. *Id*. Doc. 37.

Petitioner also filed a second, successive petition in this Court under case no. 1:11-cv-43-MP-GRJ. On March 24, 2011 the Court entered an order in that case adopting the report and recommendation of the undersigned and dismissing the petition

on the basis that Petitioner had not been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition. *Robinson v. Secretary*, case no. 1:11-cv-43-MP-GRJ, Doc. 6 (N.D. Fla. Mar. 24, 2011.) Petitioner's motion for reconsideration of that order was denied on March 28, 2011. *Id.* Doc. 9.

Despite the fact that Petitioner's habeas petition had been dismissed by this Court as a successive petition, Petitioner filed the instant Petition in the Middle District of Florida seeking habeas corpus relief from the same 2002 Alachua County convictions for attempted second degree murder and possession of a firearm by a convicted felon. (Doc. 1.) The case was transferred to this Court on April 26, 2011. (Doc. 5.)

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both § 2241 and the restrictions set forth in § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir.2003). In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record reflecting that Petitioner has been granted leave by the Eleventh Circuit to file a third or successive habeas corpus petition and, thus, this Court lacks the authority to entertain Petitioner's claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 11th day of May, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.