IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IVORY LEE ROBINSON,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　CASE NO. 1:11-cv-00078-MP -GRJ

FLORIDA ATTORNEY GENERAL, SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondents.

_____/

### **O R D E R**

This matter is before the Court on Doc. 7, Report and Recommendation of the Magistrate Judge, recommending that this petition under 8 U.S.C. § 2254 be dismissed as successive. The petitioner filed objections, at Doc. 9.

The Court agrees with the Magistrate Judge that the petitioner has filed two previous petitions under § 2254 which were denied, see 1:06-cv-00061-MP-AK and 1:11-cv-00043-MP-GRJ. Under § 2244(b) claims previously raised must be dismissed and claims not previously raised must be dismissed if the petitioner has not first sought leave from the Eleventh Circuit. Thus, the Court agrees that to the extent these claims are brought under § 2254, they should be dismissed.

In the objections, petitioner appears to argue that he should be entitled to use § 2241 because § 2254 is "inadequate and ineffective" since he has been denied relief on a previously filed habeas petition and the Eleventh Circuit has refused to allow him to file a successive petition. Though § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of

a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States. <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1060 (11th Cir. 2003). Where the petitioner is in fact "in custody pursuant to the judgment of a State court," such as instant petitioner, his petition is subject to the additional requirements of § 2254, such as exhaustion and timeliness. <u>Id.</u> at 1062. Otherwise, § 2254 "would never be used or applied," <u>id .</u> at 1061, and "would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing ' § 2241' on his petition for federal post-conviction relief." <u>Id.</u> at 1060-61.

In short, instant Petitioner, who is clearly in custody pursuant to a state court judgment, may not bypass the requirements of § 2254 and file a § 2241 petition simply because he has not received any habeas corpus relief. Furthermore, the fact that his previous attempts at habeas relief have been unsuccessful does not mean that § 2254 is inadequate or ineffective, only that petitioner is not entitled to relief under that statute. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The petitioner at Doc. 1 is dismissed.

**DONE AND ORDERED** this <u>*1st*</u> day of June, 2011

<u>     *s/Maurice M. Paul*     </u>
Maurice M. Paul, Senior District Judge

*Case No: 1:11-cv-00078-MP -GRJ*